USDC SCAN INDEX SHEET











JOLLIBEE FOODS CORP

LOCSY INC

DMF
3:97-CV-00090
*1*
*CMP.*

AO 440 (Rev 5/85) Summons in a Civil Action

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

JOLLIBEE FOODS CORPORATION

**SUMMONS IN A CIVIL ACTION**

vs

LOCSY, INC., a California corporation,
d.b.a. GOLDEN FOODS CORPORATION;
ELISEO SY, an individual; GLOBAL
PRODUCE CORPORATION, a California
corporation, d.b.a. GOLDEN FOODS
CORPORATION: PHILIP YOUNG, an
individual; and GOLDEN FOODS
CORPORATION, a business entity of unknown origin

Case No. '97 CV 0090 BTM (JFS)

TO: (Name and Address of Defendant)

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and
serve upon PLAINTIFF'S ATTORNEY

IAN L. KESSLER
BAKER & McKENZIE
101 WEST BROADWAY, SUITE 1200
SAN DIEGO, CA   92101   619/236-1441

An answer to the complaint which is herewith served upon you, within __20__ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.

Roberta Westdal

JAN 17 ...

CLERK

DATE

Rosann Bressi

BY DEPUTY CLERK

AO 440 (Rev 5/85) Summons in a Civil Action

1  IAN L. KESSLER, STATE BAR NO. 105899
   **BAKER & McKENZIE**
2  Wells Fargo Plaza, Twelfth Floor
   101 West Broadway
3  San Diego, CA 92101
   Telephone:  (619) 236-1441
4
   Attorneys for Plaintiff
5  JOLLIBEE FOODS CORPORATION



6

7                    UNITED STATES DISTRICT COURT

8                 SOUTHERN DISTRICT OF CALIFORNIA

9  JOLLIBEE FOODS CORPORATION,   )  CIVIL ACTION NO. 97-cv-0090 BTM (JFS)
10                               )
              Plaintiff,         )  COMPLAINT FOR TRADEMARK
11                               )  INFRINGEMENT, FALSE
        v.                       )  DESIGNATION OF ORIGIN,
12                               )  UNFAIR COMPETITION, AND
   LOCSY, INC., a California     )  DILUTION
13 Corporation, d.b.a. GOLDEN    )
   FOODS CORPORATION; ELISEO SY, )
14 an individual; GLOBAL PRODUCE )
   CORPORATION, a California     )
15 corporation, d.b.a. GOLDEN    )  JURY TRIAL DEMANDED
   FOODS CORPORATION; PHILIP     )
16 YOUNG, an individual; and     )
   GOLDEN FOODS CORPORATION, a   )
17 business entity of unknown    )
   origin,                       )
18                               )
              Defendants.        )
19 _____)

20

21         Plaintiff Jollibee Foods Corporation ("Jollibee") alleges
22 as follows:

23                        **JURISDICTION**

24      1.    This is an action to recover damages and obtain
25 injunctive relief under the trademark laws of the United States
26 and the related laws of the State of California.  This Court has
27 original jurisdiction of the subject matter for each of the
28



66434.1

1  following claims:

2          a.    Trademark infringement in violation of the

3  Lanham Act, 15 U.S.C. section 1051, et seq., with jurisdiction

4  vested in this Court by virtue of 15 U.S.C. section 1121 and

5  28 U.S.C. sections 1331, 1332, and 1338(a).

6          b.    False designation of origin and false

7  description or representation in violation of the Lanham Act,

8  15 U.S.C. section 1125(a), with jurisdiction vested in this

9  Court by virtue of 15 U.S.C. section 1121 and 28 U.S.C.

10  sections 1131, 1132 and 1338(a).

11          c.    Dilution under the Federal Trademark Dilution

12  Act of 1995 in violation of the Lanham Act, 15 U.S.C. 1125(c),

13  with jurisdiction vested in this Court by virtue of 15 U.S.C.

14  section 1121 and 28 U.S.C. sections 1331, 1332 and 1338(a).

15          d.    Injury to business reputation and dilution in

16  violation of California Business and Professions Code

17  section 14330(a), with jurisdiction vested in this Court by

18  virtue of 28 U.S.C. sections 1331, 1332 and 1338(b), and by

19  virtue of the principles of supplemental jurisdiction.

20          e.    Statutory and common law unfair competition

21  arising under the laws of California, including California

22  Business and Professions Code section 17000, et seq., with

23  jurisdiction vested in this Court by virtue of 28 U.S.C.

24  sections 1331, 1332 and 1338(b), and by virtue of the principles

25  of supplemental jurisdiction.

26      2.    Venue properly lies in this district pursuant to

27  28 U.S.C. section 1391 because defendants are selling infringing

28  goods in this district and are subject to personal jurisdiction

66434.1

-2-

in this district.

## THE PARTIES

3.   Plaintiff Jollibee is a corporation organized and existing under the laws of the Philippines, having its principal place of business at 5th Floor, Jollibee Centre Building, San Miguel Avenue, Pasig City, Philippines.

4.   Plaintiff is informed and believes, and based thereon alleges, that defendant Locsy, Inc. is, and at all relevant times herein was, a corporation organized and existing under the laws of the State of California having its principal place of business at 4740 Everett Avenue, Vernon, California 90058. Locsy, Inc. does business under the fictitious business name of Golden Foods Corporation and will be referred to in this complaint as "Locsy".

5.   Plaintiff is informed and believes, and based thereon alleges, that defendant Eliseo Sy (hereinafter "Sy") is the President and Chief Executive Officer of Locsy.  Plaintiff is further informed and believes, and based thereon alleges, that Sy induced, aided, abetted, controlled and/or directed and contributed to the improper and infringing conduct alleged below.

6.   Plaintiff is informed and believes, and based thereon alleges, that defendant Global Produce Corporation (hereinafter, "Global") is, and at all relevant times herein was, a corporation organized and existing under the laws of the State of California having its principal place of business at 3144 E. Slauson Avenue, Vernon, California 90058.  Global does business under the fictitious business name of Golden Foods Corporation.

66434.1

-3-

7. Plaintiff is informed and believes, and based thereon alleges, that defendant Philip Young (hereinafter "Young") is the President and Chief Executive Officer of Global. Plaintiff is further informed and believes, and based thereon alleges, that Young induced, aided, abetted, controlled and/or directed and contributed to the improper and infringing conduct alleged below.

8. Plaintiff is informed and believes, and based thereon alleges, that defendant Golden Foods Corporation (hereinafter, "Golden") is, and at all relevant times herein was, a corporation of unknown origin doing business in the Southern District of California.

9. Plaintiff is informed and believes that each of the defendants is commonly owned and/or controlled.

### BACKGROUND AND GENERAL ALLEGATIONS

10. Jollibee operates the Philippines' largest chain of fast food restaurants. The Jollibee restaurant operations include preparing, advertising, promoting, distributing and selling food items and services to the public. Jollibee food products include, but are not limited to, chicken, hamburgers, french fries, sodas and snack foods. Jollibee sells its products and services under the service mark, trade name and corporate name **"Jollibee,"** and it employs a mascot device depicting the face of a bee wearing a chef's hat and bow tie on its product packaging, napkins and related products, and on the signage for its restaurants.

11. Jollibee has expanded its operations into the United States by opening a restaurant in Guam. Jollibee intends to

1  enter the mainland United States market in other locations with

2  its food and/or restaurant products and services.  To this end,

3  as is more fully discussed below, Jollibee has filed

4  applications for service marks with the United States Patent and

5  Trademark Office and is the owner of such a registered service

6  mark.

7  **Infringement of Federally Registered Trademark**

8      12.  In addition to its common law rights in the

9  trademark, service mark and trade name "Jollibee," plaintiff is

10  the owner of the registered service mark No. 1,610,205 depicting

11  the face of a bee wearing a chef's hat and a bow tie (the "Bee

12  Mascot Device") which issued on August 14, 1990 in class 42.

13  Applications are pending for other classes.  A true and correct

14  copy of the certificate of registration for service mark No.

15  1,610,205 is attached as Exhibit 1 to this complaint.  On

16  July 7, 1993, Jollibee also filed application No. SN 74-409,992

17  for registration of a service mark for the word "Jollibee" in

18  international classes 29, 30, 32 and 42.  Application for the

19  "Jollibee" mark was reflected in the October 4, 1994 publication

20  of the United States Patent and Trademark Office.

21      13.  Jollibee has been using the Bee Mascot Device service

22  mark and the Jollibee service mark and trade name to promote and

23  sell its services and products.  The Bee Mascot Device and

24  Jollibee marks have been used, advertised and displayed

25  prominently upon signs to depict the trade name of Jollibee's

26  restaurants and on its food and drink packaging and accessories.

27      14.  As a result of Jollibee's widespread and continuous

28  use and promotion of the Bee Mascot Device and Jollibee marks,

1  the Bee Mascot Device and Jollibee marks have come to and now do

2  represent and symbolize the reputation and valuable goodwill of

3  Jollibee among members of the trade and the relevant purchasing

4  public.  This purchasing public includes, but is not limited to,

5  the significant number of people who have emigrated to the

6  United States from the Philippines and other Asian countries and

7  who seek out certain food items commonly sold at Asian markets

8  in the United States.  These food items often include food

9  products which are either produced by Asian companies familiar

10 to the immigrants or by local companies who operate under

11 license by the Asian companies.  The Bee Mascot Device and

12 Jollibee marks are famous in the Philippines and among Filipinos

13 living in the United States.

14     15.  Plaintiff is informed and believes, and based thereon

15 alleges, that defendants also produce and sell food products

16 which are directed, at least in part, to the United States Asian

17 community and Filipino-Americans.  In particular, defendants

18 produce and sell in Asian food stores "prawn crackers" under the

19 name "Jollybee" in a typeface which is the same as that used by

20 Jollibee and using a mascot which is virtually identical to the

21 registered Bee Mascot Device service mark.  The packaging for

22 defendants' "prawn crackers" contains the additional notation of

23 "original," further implying that it is actually produced by the

24 well known Jollibee Foods Corporation.  Defendants' "prawn

25 crackers" do not contain any natural prawn flavoring.

26     16.  The name and mark "Jollybee" used by defendants

27 sounds identical and is virtually identical in appearance to

28 plaintiff's Jollibee mark and name.  The bee mascot symbol used

by defendants is identical to Jollibee's registered Bee Mascot Device service mark.  Defendants' use of these marks in connection with food and snack products creates a likelihood of confusion as to source of origin, affiliation or association.

17.  Upon learning of defendants' use of the Bee Mascot Device and Jollibee marks, or confusingly similar marks, Jollibee, through its attorneys, informed Global that Jollibee is the owner of the marks.  Jollibee further informed Global that its use of the Bee Mascot Device mark and "Jollybee" name violated Jollibee's senior and continuous use of the marks and Jollibee's rights to the marks as a result of such use. Jollibee further informed Global that it is the registered owner of the Bee Mascot Devise service mark.

18.  Global has failed to respond to Jollibee's demand that it cease and desist using the marks in the sale of their products.  Instead, defendants, at the direction and/or with the approval and/or ratification of Young and Sy, have continued to produce and distribute food products bearing the Bee Mascot Device and "Jollybee" marks.  In particular, defendants have manufactured, printed and/or distributed in interstate commerce unauthorized containers, packaging, advertising and display materials bearing the Bee Mascot Device and "Jollybee" marks in connection with Golden Foods' food products, including its prawn crackers, a popular snack food in Asia and among Asian immigrants living in the United States.  An example of such packaging is attached as Exhibit 2.  These acts by defendants, without the consent of Jollibee, are willful and done with the intent to trade upon Jollibee's goodwill and reputation.

19.   The knowing and willful infringement of Jollibee's trademarks, service marks and names, with constructive and actual notice of Jollibee's rights, and the knowing and willful continuing infringement, makes this an exceptional case warranting an award of treble damages and attorneys' fees under 14 U.S.C. section 1117.

### I.

### FIRST CLAIM FOR RELIEF

(Trademark Infringement In Violation Of
The Lanham Act, 15 U.S.C. §§ 1114-1119)

20.   Plaintiff Jollibee realleges and incorporates herein by this reference each and every one of the averments contained in paragraphs 1 through 19, as though fully set forth herein.

21.   As between the parties hereto, Jollibee was the first to adopt and use "Jollibee" and the Bee Mascot Device for food products and is the owner of a registered service mark for the Bee Mascot Device.   Defendants' subsequent adoption and use of the confusingly similar "Bee Mascot Device" to identify their food products constitutes infringement of Jollibee's federally registered service mark in violation of U.S.C. section 1114, et seq.

22.   Defendants' acts of infringement are willful, conducted with knowledge of and in total disregard for plaintiff's superior rights in the Bee Mascot Device service mark and are intended to confuse members of the relevant consuming public as to the source of goods and services promoted and sold by defendants.

/ / /

1       23.   As a result of defendants' trademark infringement in

2   violation of the Lanham Act, Jollibee is entitled to an

3   injunction as set forth more specifically in the Prayer for

4   Relief below; damages and defendants' profits; attorneys' fees;

5   and costs of suit.

6                            **II.**

7                 **SECOND CLAIM FOR RELIEF**

8           (False Designation Of Origin In Violation
              Of § 43(a) Of The Lanham Act

9                 15 U.S.C. § 1125[a])

10       24.   Plaintiff Jollibee realleges and incorporates herein

11   by this reference each and every one of the averments contained

12   in paragraphs 1 through 23, as though fully set forth herein.

13       25.   Defendants' unauthorized imitation and use of the

14   Jollibee and Bee Mascot Device marks constitutes a false

15   designation of origin or a false description or representation

16   that wrongly and falsely designates the products or services

17   offered now or in the future by defendants as originating from,

18   and connected or otherwise associated with Jollibee in violation

19   of 15 U.S.C section 1125.

20       26.   As a result of defendants' false designation of

21   origin in violation of the Lanham Act, Jollibee is entitled to

22   an injunction as set forth more specifically in the Prayer for

23   Relief below; damages and defendants' profits; attorneys' fees;

24   and costs of suit.

25   / / /

26   / / /

27   / / /

28   / / /

III.

**THIRD CLAIM FOR RELIEF**

(Trademark Dilution In Violation Of The Federal Trademark
Dilution Act of 1995; 15 U.S.C. § 1125[c])

27. Plaintiff Jollibee realleges and incorporates herein by this reference each and every one of the averments contained in paragraphs 1 through 26, as though fully set forth herein.

28. Jollibee is the exclusive owner of the Bee Mascot Device and Jollibee marks. Jollibee has used these marks in connection with its food products and services. Throughout this time, Jollibee has advertised and promoted these marks extensively. As a result, these marks have become distinctive and famous in the minds of the persons in the relevant trading area and market channels to which Jollibee products are directed.

29. Defendants' unauthorized imitation and use of the Jollibee and Bee Mascot Device marks dilutes the distinctive and famous nature of the marks and lessens the capacity of the marks to identify and distinguish the goods and services of Jollibee in violation of 15 U.S.C section 1125[c].

30. Jollibee has no adequate remedy at law and has suffered immediate and irreparable harm and damage, and will continue to so suffer if an injunction is not granted as set forth in the Prayer for Relief below.

31. Defendants' willfully intended to trade upon the distinctiveness of Jollibee's reputation and/or willfully intended to dilute the famous nature of Jollibee's marks within the relevant trading area and market channels, entitling

66434.1

-10-

1  Jollibee to damages.

2  **IV.**

3  **FOURTH CLAIM FOR RELIEF**

4  (California Statutory Injury To Business Reputation
   And Dilution In Violation Of California
5  Business And Professions Code § 14330)

6      32.   Plaintiff Jollibee realleges and incorporates herein

7  by this reference each and every one of the averments contained

8  in paragraphs 1 through 31, as though fully set forth herein.

9      33.   Defendants' acts complained of herein are diluting

10  the distinctive nature of Jollibee's marks and are injuring

11  Jollibee's business reputation in violation of California

12  Business and Professions Code section 14330(a).

13      34.   Jollibee has no adequate remedy at law and has

14  suffered immediate and irreparable harm and damage, and will

15  continue to so suffer if an injunction is not granted as set

16  forth in the Prayer for Relief below.

17  **V.**

18  **FIFTH CLAIM FOR RELIEF**

19  (California Unfair Competition)

20      35.   Plaintiff Jollibee realleges and incorporates herein

21  by this reference each and every one of the averments contained

22  in paragraphs 1 through 34, as though fully set forth herein.

23      36.   Jollibee over the years has built up valuable

24  goodwill in its Jollibee and Bee Mascot Device marks.

25      37.   Defendants' use of these marks and names is likely to

26  and does permit defendants' to palm off their product as genuine

27  and original Jollibee products to the detriment of Jollibee, and

28  resulting in unjust enrichment of defendants.   The acts

1   complained of constitute unfair competition under the common law

2   of the State of California including California Business and

3   Professions Code section 17000, et seq.

4        38.   The acts of defendants have damaged and will continue

5   to damage Jollibee.  As a consequence, Jollibee is entitled to

6   damages, including defendants' profits and restitution according

7   to proof and to an injunction prohibiting defendants from

8   continuing their unlawful and unfair business practices, as set

9   forth in the Prayer for Relief.

10                          **PRAYER FOR RELIEF**

11       WHEREFORE, plaintiff prays for judgment against defendants

12   and against all of their subsidiaries, affiliates, agents,

13   servants, employees, officers, directors, partners and all

14   persons in active concert or participation with it, for the

15   following relief:

16       1.   A permanent injunction restraining defendants from

17   copying or infringing plaintiff's service marks, trademarks and

18   trade name for its food products and services.

19       2.   A judgment and order that defendants be required to

20   deliver up and destroy any and all infringing devices,

21   reproductions, counterfeits, copies, or colorable imitations

22   thereof, as well as all related advertising and promotional

23   material, and all plates, molds, and other means of making the

24   same, pursuant to 15 U.S.C. section 1118.

25       3.   A judgment and order that defendants be required to

26   supply plaintiff with a complete record of all transactions,

27   agreements, and other activities involving or connected with the

28   making, using, or selling of infringing devices or activities.

1       4.   A judgment and order that defendants be required,

2   within thirty days of entry of judgment herein, to file with

3   this Court and serve upon plaintiff a written report stating, in

4   detail and under oath, the manner in which defendant has

5   complied with paragraphs 2 through 4 of this prayer for relief.

6       5.   A judgment and order that defendants shall be liable

7   to plaintiff for the following:

8           a.   Damages and profits from the infringement and

9   dilution of plaintiff's service marks and for the unfair

10   competition;

11           b.   Prejudgment interest on all sums awarded;

12           c.   The cost of bringing and maintaining this

13   action;

14           d.   Reasonable attorneys' fees;

15       7.   An award trebling the amount of damages so

16   determined, pursuant to 15 U.S.C. section 1117.

17   / / /

18   / / /

19   / / /

20   / / /

21

22

23

24

25

26

27

28

1

2       8.    Any further relief that the Court may find just and

3   proper.

4

5   Dated:  January 17, 1997      BAKER & McKENZIE

6

7                                 By

8                                       Ian L. Kessler

9                               Attorneys for JOLLIBEE FOODS
    CORPORATION

10                           **JURY TRIAL DEMAND**

11       Pursuant to Fed.R.Civ.P. 38(b), plaintiff hereby demands a

12   trial by jury as to the jury issues raised in this complaint.

13   Dated:  January 17, 1997      BAKER & McKENZIE

14

15

16                                 By

17                                       Ian L. Kessler

18                               Attorneys for JOLLIBEE FOODS
    CORPORATION

19

20

21

22

23

24

25

26

27

28

Int. Cl.: 42

Prior U.S. Cl.: 100

Reg. No. 1,610,205

## United States Patent and Trademark Office

Registered Aug. 14, 1990

### SERVICE MARK
### PRINCIPAL REGISTER



JOLLIBEE FOODS CORPORATION (PHILIP-
   PINES CORPORATION)
5TH FLOOR, CULMAT BLDG.
E. RODRIGUEZ SR. AVENUE
QUEZON CITY, METRO MANILA, PHILIP-
   PINES

FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CL. 100).
   OWNER OF PHILIPPINES REG. NO. 38651,
DATED 4-18-1988, EXPIRES 4-15-2004.

SER. NO. 73-815,062, FILED 7-26-1989.

MARTIN MARKS, EXAMINING ATTORNEY



NET WT. 2½ OZ(70 GMS.) POIDS NET



**Jollybee**
**Prawn**
**CRACKER**
BISCUIT AU BOUQUE



INGREDIENTS: TAPIOCA FLOUR,
WHEAT FLOUR, SALT, SUGAR,
VEGETABLE OIL. ( SOY BEAN &/
OR CORN &/OR COTTON SEED
OIL ), COCONUT OIL, MONOSO-
DIUM GLUTAMATE, ARTIFICIAL
FLAVOR, ARTIFICIAL FOOD CO-
LOR ( FD & C YELLOW NO. 5/E
102), BLACK PEPPER & CORN
STARCH.

Ingrédients: Farine de tapioca,
farine de froment, sel, sucre
huile végétale, (huile de soja
et/ou de mais et/ou de graine
de coton), huile de noix de
coco, glutamate de monoso-
dium, saveur artificielle et co-
lorant artificiel (tartrazine),
poivre noir, fecule.

**PRODUCT OF U.S.A.**

## Nutrition Facts

Serving Size 1/2 oz    (15g)
Servings Per Container    4.5

**Amount per serving**

| Calories 70 | Calories from Fat 25 |
|---|---|

|  | % Daily Value * |
|---|---|
| Total Fat 3g | 5% |
| Saturated Fat .5g | 3% |
| Cholesterol 0mg | 0% |
| Sodium 240 mg | 10% |
| Total Carbohydrate 9g | 3% |
| Dietary Fiber 1g | 4% |
| Sugars 0g |  |
| Protein 1g |  |

| Vitamin A 0% | Vitamin C 0% |
|---|---|
| Calcium 0% | Iron 2% |

* Percent Daily Values are based on a
2,000 calorie diet. Your daily values may
be higher or lower depending on your
calorie needs.

|  | Calories | 2,000 | 2,500 |
|---|---|---|---|
| Total Fat | Less than | 65 g | 80 g |
| Sat. Fat | Less than | 20 g | 25 g |
| Cholesterol | Less than | 300mg | 300 mg |
| Sodium | Less than | 2,400 mg | 2,400 mg |
| Total Carbohydrate |  | 300 g | 375 g |
| Dietary Fiber |  | 25 g | 30 g |

MANUFACTURED BY:

**GOLDEN FOODS**
**CORPORATION**
**VERNON, CA. 90058**



0  11034 72202  8

MFG. DATE:

JS 44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

JAN 1 7 1997

U.S. DISTRICT COURT
DISTRICT OF CA.

### I (a) PLAINTIFFS

JOLLIBEE FOODS CORPORATION

### DEFENDANTS

LOCSY, INC., a California corporation
d.b.a. GOLDEN FOODS CORPORATION, et al

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

PHILIPPINES

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __LOS ANGELES__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

IAN L. KESSLER       619/236-1441
BAKER & McKENZIE
101 WEST BROADWAY, SUITE 1200
SAN DIEGO, CA  92101

ATTORNEYS (IF KNOWN)

'97 CV 0090 BTM (JFS)

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
   Plaintiff

☒ 3 Federal Question
   (U.S. Government Not a Party)

☐ 2 U.S. Government
   Defendant

☐ 4 Diversity
   (Indicate Citizenship of
   Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

15 U.S.C. SECTION 1051, et seq. - TRADEMARK INFRINGEMENT

### V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

### VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original
   Proceeding

☐ 2 Removed from
   State Court

☐ 3 Remanded from
   Appellate Court

☐ 4 Reinstated or
   Reopened

Transferred from
☐ 5 another district
   (specify)

☐ 6 Multidistrict
   Litigation

☐ 7 Appeal to District
   Judge from
   Magistrate
   Judgment

### VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $
EXCESS OF $75,000

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):

NONE

JUDGE _____   DOCKET NUMBER _____

DATE
1/17/97

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

AO 120 (3/85)

| TO: | REPORT ON THE |
|---|---|
| Commissioner of Patents and Trademarks<br>Washington, D.C. 20231 | FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT |

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>97-0090 BTM (JFS) | DATE FILED<br>1/17/97 | U.S. DISTRICT COURT<br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Jollibee Foods Corporation | | DEFENDANT<br><br>Locsy, Inc., Golden Foods, Corp, et al |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 1,610,205 | 8/14/90 | Jollibee Foods Corporation |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment | ☐ Answer | ☐ Cross Bill | ☐ Other Pleading |
|---|---|---|---|---|
| PATENT NO. | DATE OF PATENT | PATENTEE | | |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 – Upon initiation of action, mail this copy to Commissioner   Copy 3 – Upon termination of action, mail this copy to Commissioner
Copy 2 – Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4 – Case file copy